IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COREY MCCOY, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) No. 1:20-CV-02746 ) ) Judge John J. Tharp, Jr. |
| ILLINOIS INSTITUTE OF TECHNOLOGY, | ) ) ) |
|     Defendant. | ) |

### ORDER

For the reasons set forth in the Statement below, the Court grants defendant's motion to dismiss plaintiff's amended complaint [17] with prejudice. Enter Final Judgment Order. Civil case terminated.

### STATEMENT

On April 27, 2020, Corey McCoy, a pro se litigant, sued Illinois Institute of Technology ("IIT")[1], for violations of the Americans with Disabilities Act. According to McCoy's complaint, IIT fired him from his position as an animal caretaker on May 22, 2019, due to McCoy's sensory disabilities. McCoy's complaint alleged that he filed a charge with the Equal Employment Opportunity Commission ("EEOC") on December 31, 2019. Compl. ¶ 7.1(a)(i), ECF No. 1. To his complaint, McCoy also attached a right-to-sue letter from the EEOC, dated January 9, 2020.

Pursuant to its obligations to screen any complaint brought by a litigant proceeding in forma pauperis, this Court dismissed McCoy's complaint without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915 (e)(2)(B). As the Court noted, McCoy cited the COVID-19 pandemic to justify his failure to file suit within ninety days of receipt of his right-to-sue letter, as required by 42 U.S.C. § 2000e-5(f)(1). McCoy did not, however, explain his failure to file his initial charge with the EEOC within 180 days of his termination, as required by § 2000e-5(e)(1).[2]

---

[1] IIT maintains that McCoy's employer was Illinois Institute of Technology Research Institute, an entity legally distinct from IIT. Memo in Supp. Mot to Dismiss at 1, ECF No. 18.

[2] If a plaintiff first files a charge with a state agency authorized to grant relief for employment discrimination, the plaintiff's deadline to file a charge with the EEOC extends to 300 days. 42 U.S.C. § 2000e-5(e)(1); *Espinoza v. Immaculate Conception High Sch.*, No. 04 C 7749, 2005 WL 1498684, at *3 (N.D. Ill. June 20, 2005). McCoy did not file a discrimination charge

McCoy filed an amended complaint to correct that deficiency. In his amended complaint, McCoy explains that he contacted the EEOC to file a charge four months after his termination, in September 2019. At that time, the EEOC told McCoy that "the only opening they had," presumably for an appointment with a representative, "was on 12/31/2019." Am. Compl. Ex. A-2, ECF No. 10. The "Notice of Scheduled Interview," dated September 18, 2019 and attached to McCoy's amended complaint, confirmed a 12/31/2019 interview slot with an EEOC representative.[3] *Id.*, Ex. A-4. The notice informed McCoy of the option to visit the EEOC public portal to provide more information about his claim in advance of the interview. In bold letters, the notice stated, "**ANSWERING THESE QUESTIONS IS NOT THE SAME AS FILING A CHARGE OF DISCRIMINATION.**" *Id.* (emphasis in original). The notice further explained that "[t]he laws enforced by EEOC . . . require you to <u>file a charge</u> before you can file a lawsuit for unlawful discrimination. There are <u>strict time limits</u> for filing a charge." *Id.* McCoy's explanation for filing late is that he was not "knowledgeable" about the charge filing process and that he followed everything that the EEOC told him. *Id.*, Ex. A-2 (emphasis in original).

Because § 2000e-5(e)(1)'s charge deadline is not a jurisdictional prerequisite, a plaintiff who files a charge with the EEOC after the statutory deadline may still sue in federal court if equitable tolling applies. *See Hentosh v. Herman M. Finch Univ. of Health Scis./The Chicago Med. Sch.*, 167 F.3d 1170, 1173-74 (7th Cir. 1999). Three circumstances justify equitable tolling in discrimination cases: "when a plaintiff exercising due diligence cannot within the statutory period obtain the information necessary to realize that []he has a claim, when a plaintiff makes a good-faith error such as timely filing in the wrong court, or when the defendant prevents a plaintiff from filing within the statutory period." *Porter v. New Age Servs. Corp.*, 463 F. App'x 582, 584 (7th Cir. 2012) (citations omitted).

The first and third circumstances do not apply to this case; McCoy has consistently maintained that he was fired in May 2019 and does not suggest that his employer misled him to file late. This case does not implicate good-faith error either. Although the Court sympathizes with McCoy's position as a pro se litigant, his confusion about the filing deadline does not justify equitable tolling. *See Schmidt v. Wisconsin Div. of Vocational Rehab.,* 502 F. App'x 612, 614 (7th Cir. 2013) ("[A]lthough [plaintiff] did not have legal representation, mistakes of law (even by plaintiffs proceeding pro se) generally do not excuse compliance with deadlines or warrant tolling a statute of limitations."); *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001) (failure of a plaintiff to understand the implication of a filing deadline does not allow a court to disregard filing requirements set by Congress); *Sanchez v. BCTGMI Loc. #1*, No. 20 C 1782, 2021 WL 1853305, at *4 (N.D. Ill. May 10, 2021) (holding that mistakes in calculating filing deadlines, "even by *pro se* plaintiffs, do not support equitable tolling").

---

with the Illinois Department of Human Rights. Am. Compl. ¶ 7.1(a)(ii), ECF No. 10. McCoy therefore had only 180 days from his termination date to file a charge with the EEOC. *See Stewart v. County of Brown*, 86 F.3d 107, 110 (7th Cir. 1996).

[3] In evaluating a motion to dismiss, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint [and] documents that are central to the complaint and are referred to in it." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

An administrative agency's misleading conduct could also form the basis for equitable tolling. *See Sanchez,* 2021 WL 1853305, at 45. But McCoy has not alleged that the EEOC "lulled" him into filing late. *See id.* Rather, McCoy waited for four months before contacting the EEOC, by which time the earliest available interview slot was after McCoy's filing deadline. McCoy provides no explanation whatsoever for his failure to contact the EEOC for four months after his termination; nor does he describe making any effort to contact the EEOC about obtaining an earlier appointment. Further, the EEOC's interview notice emphasized that (1) filing a charge is required to file a lawsuit, (2) answering questions in advance of the interview does not constitute filing a charge, and (3) EEOC charge filing deadlines are strict. A diligent plaintiff, even one proceeding without representation, bears the responsibility to inquire about those strict deadlines.

The Court therefore concludes that McCoy did not comply with § 2000e-5(e)(1)'s 180-day charge-filing requirement and that equitable tolling is unwarranted. Failure to comply with § 2000e-5(e)(1)'s requirement renders a claim untimely. *Espinoza v. Immaculate Conception High Sch.*, No. 04 C 7749, 2005 WL 1498684, at *3 (N.D. Ill. June 20, 2005). Accordingly, the Court need not address IIT's second ground for untimeliness, *i.e.*, McCoy's filing of this complaint in federal court more than ninety days after receiving his right-to-sue letter from the EEOC, *see* § 2000e-5(f)(1).

Finally, if a plaintiff's allegations "conclusively establish the action's untimeliness," dismissal of a case with prejudice is appropriate. *Grzanecki v. Bravo Cucina Italiana*, 408 F. App'x 993, 996 (7th Cir. 2011). The Court finds that any further amendment would not cure the amended complaint's deficiencies. McCoy's allegations decisively show that he filed his claim late. The amendments also establish that equitable tolling is not appropriate because McCoy possessed sufficient information to file his charge on time. The Court therefore dismisses McCoy's amended complaint with prejudice. *See Murray v. Kramer*, No. 13 C 2496, 2013 WL 1966133, at *3 (N.D. Ill. May 10, 2013). Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1).

Dated: October 19, 2022

John J. Tharp, Jr.
United States District Judge

3